## DAUGHERTY v. CANAL BANK & TRUST CO.
### No. 1255.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1933.

Dufour, St. Paul, Levy & Miceli and N. L. Wisdom, all of New Orleans, for applicants.

Rownd & Warner, of Hammond, for respondent.

MOUTON, Judge.

Writs of mandamus and certiorari were applied for in the above-entitled case by J. S. Brock, state bank commissioner, and his special agent, Harry B. Thompson, to compel Hon. Nathan B. Tycer to grant petitioners a suspensive appeal without bond.

Alternative writs of mandamus and certiorari were issued by this court, as prayed for.

Suit was brought by Mrs. Sarah C. Daugherty in the parish of Tangipohoa against the Canal Bank & Trust Company for the recovery of $1,665.22 alleged as representing an income from a trust estate then on deposit in said bank.

Her right to recover that amount may have to be determined by this court at some future time, but does not constitute an issue in this case for the present, the sole question presented for determination being as to whether petitioners have a right to a suspensive appeal without furnishing bond.

Hence, we shall direct our attention exclusively to the solution of that issue.

J. S. Brock, state bank commissioner, filed a petition in the civil district court of the parish of Orleans, alleging that the board of directors of the Canal Bank & Trust Company, defendant in the above-entitled case, finding it was inexpedient for the bank to continue its business, requested him to close the bank and take possession of its books, property, and affairs; that he took possession of the bank, and, with the approval of the Governor and acting under the provisions of Act No. 300 of 1910, page 505, appointed H. G. Thompson as his special agent for the liquidation of said bank.

On the motion of the state bank commissioner, H. G. Thompson was appointed special agent by Judge H. C. Cage of the civil district court of Orleans parish for the liquidation of the Canal Bank & Trust Company.

Thereafter on the motion of J. S. Brock, state bank commissioner, filed in the district court, parish of Tangipohoa, Nathan B. Tycer, judge of that court, ordered that J. S. Brock, state bank commissioner, acting through Harry G. Thompson, special agent in charge of Canal Bank & Trust Company in liquidation, be made a party defendant in the above-entitled cause of Mrs. Sarah C. Daugherty v. Canal Bank & Trust Company.

Under the provisions of Act No. 300 of 1910, page 505, the state examiner of state banks, after taking possession of a bank, as was done by J. S. Brock, state bank commissioner, becomes the liquidator of such bank, with authority to appoint a special agent to represent him in disposing of its assets to liquidate its affairs. Such state examiner of state banks is a constitutional officer by appointment under article 194, Constitution of 1898, to whom was given full supervision of state banks by the provisions of Act No. 198 of 1898, page 449.

Act No. 153, of 1912, page 219, says:

"That the State Examiner of State Banks when acting in behalf of any State bank as liquidator * * * shall not be required to furnish any bond, whether of appeal or otherwise, in any proceedings instituted by or against him as liquidator."

In this case, it is true that this suit was not originally instituted against J. S. Brock, as liquidator of the defendant, Canal Bank & Trust Company, but it is shown that he closed the bank at the request of its board of directors, took possession of its business, became its liquidator, through his special agent, and, if he had been a state examiner of state banks, would unquestionably have had the right to appeal from the judgment rendered in this case, without furnishing bond under the provisions of Act No. 153 of 1912.

Tested under the provisions of that statute, a state examiner of state banks would undoubtedly have that right of appeal.

The question presented for solution is as to whether or not J. S. Brock, whose official title is state bank commissioner, has the same right of appeal.

Section 18 of article 6 of the Constitution of 1921 reads, in part, as follows:

"At the expiration of the term of office of the Examiner of State Banks, there shall be appointed in lieu thereof by the Governor * * * a State Bank Commissioner who shall also be Supervisor of Homestead and Building and Loan Associations" etc.

Obviously, under that article of the Constitution of 1921, the state bank commissioner was appointed in lieu of the state bank examiner and remained invested with the same rights and powers which had been previously conferred on the state bank examiner by the Constitution of 1898, and Act No. 300 of 1910. If there could exist any doubt as to whether the identical rights and powers were intended to be conferred by the Constitution of 1921 on the state bank commissioner which had been previously bestowed on the examiners of state banks, such doubts are cleared away by the language used in the statute Act No. 16 of 1921, page 16 (Ex. Sess.), which was enacted to carry out the provisions of section 18 of article 6 of the Constitution of 1921, hereinabove reproduced.

The words of that statute pertinent to the issue presented for decision herein are as follows:

"At the expiration of the term of office of the Examiner of State Banks there shall be appointed in lieu thereof by the Governor, * * * a State Bank Commissioner. * * * Until the expiration of the term of the Examiner of State Banks he shall continue to discharge his duties as such and when the office of State Bank Commissioner shall become operative and in effect the said official shall succeed to all the rights, powers and duties of the Examiner of State Banks, it being the purpose and intention of the Constitution and this law to change the title of the office only as herein set forth." Section 1.

It is plain from the wording of that statute that its only purpose was to change the official title of the examiner of state banks to that of state bank commissioner with the exception of the additional duties of supervisor of Homestead, Building & Loan Associations which were conferred on the state bank commissioner.

Such also was the purpose of section 18 of article 6 of the Constitution of 1921, hereinabove referred to. Act No. 16 of 1921 (Ex. Sess.), says, besides, in referring to the state bank commissioner, that when his office shall become operative he "shall succeed to all the rights, powers and duties of the Examiner of State Banks," etc.

It is manifest that under the provisions of Act No. 153 of 1912, above quoted, that the state examiner of state banks had the right in any case instituted against him, as liquidator, to appeal without being required to furnish any bond. As the state bank commissioners have succeeded to all the "rights" and "powers" of the state examiners of banks as it is specifically provided for in Act No. 16 of 1921 (Ex. Sess.), it follows that in this case J. S. Brock, state bank commissioner, has the right of appeal without the requirement of an appeal bond.

Counsel for plaintiff say in their brief that they do not think the statute exempting the state bank commissioner from giving bond is applicable, because this suit was neither instituted by or against the state bank commissioner as liquidator.

It appears, as we have hereinabove stated, that J. S. Brock, state bank commissioner, acting through H. G. Thompson, special agent in charge of the liquidation of the Canal Bank & Trust Company, was made a defendant by order of Nathan B. Tycer, district judge.

Besides, the judgment rendered in the case. is against the Canal Bank and also "against J. S. Brock, State Bank Commissioner in charge of Canal Bank and Trust Company, in liquidation," etc.

The judgment orders that the bank, through J. S. Brock, state bank commissioner, and Harry G. Thompson, in charge of said bank, in liquidation, to immediately pay over to plaintiff, Mrs. Sarah C. Daugherty, the sum of $1,665.22 demanded by her.

Evidently, the relief sought by plaintiff was to be obtained from J .S. Brock, the state bank commissioner, and Thompson his special agent, as the bank had been closed and all of its assets were in the hands of the commissioner, and from which payment could have been exacted by plaintiff. J. S. Brock was certainly the liquidator of the bank and was the real defendant in the case. To say, as it is contended for by counsel, that a state bank commissioner should not be exempted from giving bond because he did not institute the suit, or that the suit was not instituted against him, would, we think, be giving a very narrow construction to Act No. 153 of 1912, and would have the effect of defeating the purpose of that statute.

We are of the opinion that Act No. 153 of 1912 clearly gives the right to a state bank commissioner of appealing without furnishing bond in a case of this character, and that, if it were necessary to subject that statute to any construction for the inference of such right, that it should receive a liberal interpretation that our decision might be in line with the adjudications of our courts which have almost invariably liberally construed enactments of that nature conferring the

right of appeal without bond on public boards and state offices when appealing in the discharge of their official functions.

The alternative writs granted petitioners by this court must therefore be made peremptory.

The lower court granted an appeal suspensive and devolutive to petitioners, but ordered that they furnish bond for the appeal. The order granting the appeal was correct and in time for the allowance of the suspensive appeal, but the error consisted in requiring the furnishing of a bond, and in that respect the order of the court must be amended and corrected by the district judge.

It is therefore ordered, adjudged, and decreed that the Honorable Nathan B. Tycer, district judge of the Twenty-first judicial district court for the parish of Tangipohoa, be and is hereby ordered and commanded to amend his original order of appeal granted to J. S. Brock, state bank commissioner, and to his special agent, Harry G. Thompson, by ordering and decreeing that they be granted a suspensive appeal from the judgment rendered in the case of Mrs. Sarah C. Daugherty v. Canal Bank & Trust Company, without being required to furnish bond, as is provided for in Act No. 153 of 1912.